JS 44 (Rev. 11/04)                          **CIVIL COVER SHEET**                       APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Simon Aouad

**DEFENDANTS**
City of Chester, Pennsylvania
Ronald Lewandowski

(b) County of Residence of First Listed Plaintiff: Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christopher P. Gerber, Esquire
Siana, Bellwoar & McAndrew, LLP
941 Pottstown Pike, Suite 200, ChesterSprings, PA  19425

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 USC § 1983
Brief description of cause: Civil Rights violation due to discrimination based on race.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____      SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

APPENDIX N

## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Simon Aouad,           Plaintiff<br><br>v.<br>City of Chester,<br>   and<br>Ronald Lewandowski,<br>           Defendants | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br>City of Chester<br>City Hall<br>One Fourth Street<br>Chester, PA   19013 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
Christopher P. Gerber, Esq.
941 Pottstown Pike, Suite 200
Chester Springs, PA   19425

an answer to the complaint which is herewith served upon you, within ____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: |
| (By) Deputy Clerk | |

APPENDIX N

## SUMMONS IN A CIVIL ACTION

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Simon Aouad,     Plaintiff<br><br>v.<br>City of Chester,<br>   and<br>Ronald Lewandowski,<br><br>           Defendants | CIVIL ACTION NO.<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>Ronald Lewandowski<br>City of Chester<br>One Fourth Street<br>Chester, PA 19013 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
Christopher P. Gerber, Esq.
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: |
| (By) Deputy Clerk | |

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
     Date      *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 155 Fairview Road, Woodlyn, PA  19094

Address of Defendant: One Fourth Street, Chester, PA  19013

Place of Accident, Incident or Transaction: One Fourth Street, Chester, PA  19013
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Christopher P. Gerber, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8-10-05       _____       76449
                    Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8-10-05       _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Simon Aouad,
  Plaintiff        :   CIVIL ACTION
              :
City of Chester, v.      :
Ronald Lewandowski,     :
  Defendants       :   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)


| 8-10-05 | Christopher P. Gerber | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (610)-321-5500 | (610)-321-5531 | cpgerber@sianalaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMON AOUAD<br>　　　　　Plaintiff<br>　　v.<br>CITY OF CHESTER PENNSYLVANIA<br>AND RONALD LEWANDOWSKI<br>　　　　　Defendants | CIVIL ACTION<br><br>No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. This is an action to redress the deprivation of rights secured by 42 U.S.C. § 1983 and the First Amendment to the United States Constitution.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is proper in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because Defendants reside here and because the claim arose in this District.

## PARTIES

4. Plaintiff, Simon Aouad, is an adult individual who resides in Delaware County, Pennsylvania.

5. Defendant, City of Chester, is a municipality and political subdivision whose offices are located at 1 Fourth Street, Chester, PA 19013.

6. Defendant, Ronald Lewandowski, is an adult individual and was, at all relevant times, employed as a police officer by Defendant City of Chester.

7. Defendants were, at all relevant times, acting under color of state law.

## FACTS

8. On July 22, 2002, Plaintiff was hired by the City of Chester to serve as a full-time police officer.

9. Plaintiff is a Lebanese-American.

10. At all relevant times, Defendants were aware of the Plaintiff's ethnic background.

11. At all relevant times, Plaintiff satisfactorily performed his duties as a police officer.

12. During the summer of 2003, Plaintiff suffered from several instances of racially charged and unwarranted harassment by his superior officer, Defendant Major Ronald Lewandowski.

13. For instance, Defendant Lewandowski called the Plaintiff derogatory names, such as a "sand nigger" and "daddy's boy" while on duty.

14. Defendant Lewandowski also made other racially charged comments directed at the Plaintiff such as, "you eat watermelon just like them," insinuating that the Plaintiff ate like African-Americans.

15. Defendant Lewandowski also imposed unwarranted and unequal discipline upon the Plaintiff on the basis of Plaintiff's ethnic background.

16. The foregoing conduct of Defendant Lewandowski made it difficult for Plaintiff to perform his duties as a police officer.

17. In response to the foregoing conduct, Plaintiff complained to Councilman Monir Z. Ahmed during the summer of 2003.

18. Councilman Ahmed acknowledged the complaint and instructed Plaintiff to keep a log of his issues with Defendant Lewandowski.

19. Despite Plaintiff's complaint to Councilman Ahmed, no action was taken by the City to investigate Plaintiff's complaint of wrongdoing concerning Defendant Lewandowski.

20. During the summer of 2003, Plaintiff also complained of the harassment by Defendant Lewandowski to Major Lewis, who, in turn, told the Plaintiff to inform Police Commissioner, John Finnegan.

21. Despite the complaint to Major Lewis, the City failed to take any action to address Plaintiff's complaint of harassment.

22. At the suggestion of Major Lewis, Plaintiff sent a letter to Commissioner Finnegan, on or about August 20, 2003, wherein Plaintiff complained of Defendant Lewandowski's behavior and requested the Commissioner's assistance.

23. Commissioner Finnegan never responded to Plaintiff's letter, and the City failed to take any action whatsoever concerning the foregoing complaints.

24. On August 27, 2003 Plaintiff was terminated from his position, just a week after he had filed his written complaint about Defendant Lewandowski.

25. At the time of Plaintiff's termination, Plaintiff had received only one written reprimand concerning a uniform infraction.

26. Plaintiff's termination was in retaliation for his complaints of harassment and racial discrimination committed by Defendant Lewandowski.

## COUNT I

### SIMON AOUAD v. CITY OF CHESTER AND RONALD LEWANDOWSKI

### VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION

27. Plaintiff incorporates herein by reference paragraphs 1-26 as though the same were set forth herein at length.

28. Plaintiff enjoys First Amendment protection to speak on matters of public concern without fear of retaliation by his employer.

29. By complaining about the foregoing harassment committed by Defendant Lewandowski, Plaintiff engaged in activity protected by the First Amendment.

30. An employee's grievance about discrimination on the job constitutes a matter of public concern.

31. The unwarranted reprimands, harassment and termination of the Plaintiff constitutes unlawful retaliation in violation of his First Amendment rights.

    **WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

    A. Award Plaintiff compensatory damages against Defendant City of Chester and Defendant Lewandowski for: humiliation and embarrassment, pain and suffering, past economic loss, future economic loss, loss of reputation, as well as for other benefits and other damages;

    B. Award Plaintiff punitive damages against Defendant Lewandowski;

    C. Award reasonable costs and attorney fees;

    D. Grant any other relief that this Court deems just and proper under the circumstances.

## COUNT II

### SIMON AOUAD v. CITY OF CHESTER AND RONALD LEWANDOWSKI

### VIOLATIONS OF 42 U.S.C. § 1981

32. Plaintiff incorporates herein by reference paragraphs 1-31 as though fully set forth herein at length.

33. Protection against racial discrimination pursuant to 42 U.S.C. § 1981 extends to persons of Lebanese descent.

34. As a Lebanese-American, Plaintiff is entitled to protection under Section 1981.

35. The foregoing misconduct constitutes a violation of Section 1981, which conduct includes, but is not limited to, the harassment exhibited by Defendant Lewandowski, the City's failure or refusal to investigate or otherwise address Plaintiff's complaint and the retaliatory discharge from his position following his complaint.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

A. Award Plaintiff compensatory damages against the City and Defendant Lewandowski for: humiliation and embarrassment, pain and suffering, past economic loss, future economic loss, loss of reputation, as well as for other benefits and other damages;

B. Award Plaintiff punitive damages against Defendant Lewandowski;

C. Award reasonable costs and attorney fees;

D. Grant any other relief that this Court deems just and proper under the circumstances.

## COUNT III

### SIMON AOUAD v. CITY OF CHESTER AND RONALD LEWANDOWSKI

### VIOLATION OF 42 U.S.C. § 1983 - EQUAL PROTECTION

36. Plaintiff incorporates herein by reference paragraphs 1-35 as though fully set forth herein at length.

37. As a Lebanese-American, Plaintiff is a member of a protected class.

38. Defendant City of Chester and Defendant Lewandowski, acting under color of state law, intentionally treated similarly-situated officers who were not members of Plaintiff's protected class differently, to Plaintiff's detriment and without any rational basis.

39. Defendant City of Chester and Defendant Lewandowski purposefully discriminated against Plaintiff because of his race.

40. Plaintiff was unlawfully subjected to unwarranted, excessive and unequal discipline in violation of equal protection under the Fourteenth Amendment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

A. Award Plaintiff compensatory damages against the City and Defendant Lewandowski for: humiliation and embarrassment, pain and suffering, past economic loss, future economic loss, loss of reputation, as well as for other benefits and other damages;

B. Award Plaintiff punitive damages against Defendant Lewandowski;

C. Award reasonable costs and attorney fees;

D. Grant any other relief that this Court deems just and proper under the circumstances.

## COUNT IV

## SIMON AOUAD v. CITY OF CHESTER AND RONALD LEWANDOWSKI

## VIOLATION OF 42 U.S.C. § 1983 – MONELL CLAIM

41. Plaintiff incorporates by reference paragraphs 1-40 as though fully set forth herein at length.

42. Defendant City of Chester and its council members have, as a matter of policy, practice and custom, failed to properly train, supervise, and/or discipline Defendant Lewandowski with respect to his unlawful and discriminatory conduct.

43. Defendant City of Chester had actual or constructive knowledge of the foregoing unlawful harassment and employment decisions set forth in this Complaint.

44. The unlawful conduct of Defendant Lewandowski was apparent to any reasonable official or supervisor of the City of Chester based upon the current state of the law.

46. As a direct and proximate result of the aforementioned municipal policy, custom and/or practice, Plaintiff was subjected to discriminatory and unlawful conduct as described herein.

46. The above-referenced Constitutional violations would not have occurred had Defendant City of Chester properly trained, supervised, and/or disciplined Defendant Lewandowski.

47. Defendant City of Chester maintained inadequate policies and procedures to guard against Defendant Lewandowski's conduct, which, as a result, either directly or by disparate impact, failed to prevent the harm inflicted upon Plaintiff by Defendants.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

A. Award Plaintiff compensatory damages against the City and Defendant Lewandowski for: humiliation and embarrassment, pain and suffering, past economic loss, future economic loss, loss of reputation, as well as for other benefits and other damages;

B. Award Plaintiff punitive damages against Defendant Lewandowski;

C. Award reasonable costs and attorney fees;

D. Grant any other relief that this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff, Simon Aouad, respectfully requests a trial by jury.

SIANA, BELLWOAR & McANDREW, LLP

By: _____
Christopher P. Gerber, Esquire, I.D. # 76449
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
Attorney for the Plaintiff

Date: August 10, 2005